```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```
SUN TRUST BANK,

        Plaintiff,

v.                                  Case No. 8:10-cv-31-T-33AEP

JOSEPH A. GAETA, JR., ET AL.,

        Defendants.

_____/

## **ORDER**

This cause is before the Court pursuant to Plaintiff's amended objection to removal to federal court (Doc. # 6) and motion for sanctions (Doc. # 5), which were filed on January 13, 2010. After due consideration and for the reasons set forth below, the Court remands this case to the Twelfth Judicial Circuit in and for Sarasota County, Florida and directs Sarah K. Lovejoy-Story to show cause why monetary sanctions should not be imposed against her.

### I. **Improper Removal**

This case was removed to federal court by non-party Sarah K. Lovejoy-Story, pro se, on January 7, 2010, on the basis of federal question jurisdiction. 28 U.S.C. § 1331. However, it is clear that removal was not proper. Fist, a non-party cannot remove a case to federal court. Second, there is no indication on the file to show that all of the defendants in this case consent to removal. Third, and of greatest

significance, this Court lacks subject matter jurisdiction over this mortgage foreclosure case. Ms. Lovejoy-Story's almost incomprehensible notice of removal incorrectly indicates that removal is appropriate due to:

> Bank fraud, they have no jurisdiction, U.S. Bank National Association, has not standing to sue in the State of Florida. No beneficiary of note or mortgage. No corpus can sue for foreclosure for another company. Further the complaint was invalid at the outset of the case as it did not contain the note and mortgage originally. This lawsuit reeks of Title 18 Racketeering. 891, 892, 893, 894. The attorneys know they are a part of this racket. Also Title 28 U.S.C. 1441a defines this action as removable.

(Doc. # 1 at 1).

Ms. Lovejoy-Story's mention of "bank fraud" and "racketeering" does not provide proper grounds for removal of this action. Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 1994).

Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] As stated in Merrell

---

[1] Analysis of 28 U.S.C. § 1332 concerning diversity jurisdiction is not relevant to the present case.

Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986), "the question of whether a claim arises under federal law must be determined by reference to the well-pleaded complaint." The Supreme Court has recently explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009)(internal citations omitted). An anticipated or actual federal defense to the complaint does not qualify a case for removal. Jefferson County Ala. v. Acker, 527 U.S. 423 (1999).

In the present case, the Court determines that remand is appropriate because the Court lacks subject matter jurisdiction over this case.[2] Accordingly, the Court remands this case to state court pursuant to 28 U.S.C. § 1447(c).

## II. Rule 11 Sanctions

Plaintiff, Suntrust Bank, seeks sanctions against Ms. Lovejoy-Story because this is not the first time that she has improperly removed a foreclosure case to federal court. Plaintiff indicates that Ms. Lovejoy-Story, acting as an

---

[2] It is well known that removal statutes are to be construed narrowly, and uncertainties about the district court's jurisdiction are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"interested party" has done so on eight occasions resulting in unnecessary delay and interference with pending state court actions. Plaintiff has filed court orders from other divisions showing that Ms. Lovejoy-Story has been warned on numerous occasions that her conduct is improper. This Court's independent research shows that she has improperly removed state court actions in the Tampa, Orlando, and Ocala divisions on at least twelve occasions.[3]

For instance, in the procedurally similar case of Deutsche Bank National Trust Company v. Lloyd A. Story, et al, case number 6:09-cv-1565-Orl-28KRS, Judge Antoon, II found as follows in an order dated September 21, 2009:

> Mr. Story and Ms. Lovejoy-Story have violated Rule 11(b). Mr. Story and Ms. Lovejoy-Story are no strangers to this Court. Ms. Lovejoy-Story has been involved with at least eight other foreclosure cases filed in this district. Each of the eight cases have been remanded finding the removal improper. . . . Both Mr. Story and Ms. Lovejoy-Story knew when they filed the Notice of Removal in this case that the exact cause of action and exact form Notice of Removal had been rejected by this Court.

(Doc. # 4-3 at 4).

---

[3] See 6:08-cv-135, 6:08-cv-260, 6:08-cv-1555, 6:09-cv-77, 6:09-cv-384, 6:09-cv-530, 6:09-cv-691, 6:09-cv-1207, 6:09-cv-1565, 6:10-cv-34, 8:07-cv-1853, and 8:08-cv-1217. Each of these cases was remanded to state court after a finding of improper removal.

Judge Antoon, II further noted that Ms. Lovejoy-Story has previously been warned that abusive removal practice may result in sanctions and "it is clear to this Court that Ms. Lovejoy-Story does not intend to cease her abuse of the removal process." (Id. at 4-5). Judge Antoon, II also ruled that "Plaintiff may file a motion for sanctions in this Court within eleven days of the date of this Order for the costs incurred by this improper removal, including but not limited to the delay of the scheduled sale of the property." (Id. at 5).

This Court warns Ms. Lovejoy-Story that she is required to follow the Local Rules of this Court as well as the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

This Court finds that removal of this case was improper and likely effected by Ms. Lovejoy-Story for the purposes of delay and frustration of state court processes. Ms. Lovejoy-Story is ordered to show cause in writing within ten days of the date of this order, why monetary sanctions should not be imposed against her as requested by Plaintiff.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Twelfth Judicial Circuit in and for Sarasota County, Florida, and thereafter, to **CLOSE THE CASE.**

(2) The Court will retain jurisdiction over the closed case to address sanctions issues, only.

(3) Ms. Lovejoy-Story is ordered to show cause in writing within ten days of the date of this order, why monetary sanctions should not be imposed against her.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of January 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel and Parties of Record

**Sarah Lovejoy-Story (via certified mail return receipt)**

**8646 Vista Pine Ct.**

**Orlando, FL 32836**