UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNTRUST BANK,

    Plaintiff,

v.          Case No. 8:10-cv-31-T-33AEP

JOSEPH A. GAETA, JR., ET AL.,

    Defendants.
_____/

**ORDER**

  This cause is before the Court pursuant to the motion for sanctions (Doc. # 5), which was filed by Plaintiff, Suntrust Bank, on January 13, 2010. Sarah K. Lovejoy-Story filed a response regarding sanctions (Doc. # 9) on March 1, 2010, in which she claims that sanctions against her are not appropriate for a variety of reasons, including, but not limited to, her status as a Native American. On March 3, 2010, Plaintiff filed a reply (Doc. # 11), buttressing its request for monetary sanctions against Ms. Lovejoy-Story. For the reasons that follow, the Court directs Ms. Lovejoy-Story to show cause why she should not be enjoined from future abuse of the Court system.

**I.** **Background**

  This case was improperly removed to federal court by non-party Ms. Lovejoy-Story, pro se, on January 7, 2010, on the basis of federal question jurisdiction. 28 U.S.C. § 1331.

(Doc. # 1). Plaintiff objected to removal of the case and filed a motion for sanctions against Ms. Lovejoy-Story due to her improper removal of this case. (Doc. ## 5-6).

After determining that it lacked "subject matter jurisdiction over this mortgage foreclosure case" the Court remanded the case to state court on January 19, 2010, noting that this is not the first foreclosure case that Ms. Lovejoy-Story has improperly removed to federal court. (Doc. # 7 at 2).

Plaintiff indicates that Ms. Lovejoy-Story, acting as an "interested party," has caused unnecessary delay and interference in at least eight state court actions through her improper removal. Plaintiff has filed court orders from other divisions of the Middle District of Florida showing that Ms. Lovejoy-Story has been warned on numerous occasions that her conduct is improper. This Court's independent research shows that she has improperly removed state court actions in the Tampa, Orlando, and Ocala divisions on at least twelve occasions.[1]

---

[1] See 6:08-cv-135, 6:08-cv-260, 6:08-cv-1555, 6:09-cv-77, 6:09-cv-384, 6:09-cv-530, 6:09-cv-691, 6:09-cv-1207, 6:09-cv-1565, 6:10-cv-34, 8:07-cv-1853, and 8:08-cv-1217. Each of these cases was remanded to state court after a finding of improper removal.

For instance, in the procedurally similar case of Deutsche Bank National Trust Company v. Lloyd A. Story, et al, case number 6:09-cv-1565-Orl-28KRS, Judge Antoon, II found in an order dated September 21, 2009:

> Mr. Story and Ms. Lovejoy-Story have violated Rule 11(b). Mr. Story and Ms. Lovejoy-Story are no strangers to this Court. Ms. Lovejoy-Story has been involved with at least eight other foreclosure cases filed in this district. Each of the eight cases have been remanded finding the removal improper. . . . Both Mr. Story and Ms. Lovejoy-Story knew when they filed the Notice of Removal in this case that the exact cause of action and exact form Notice of Removal had been rejected by this Court.

(Doc. # 4-3 at 4).

Judge Antoon, II further noted that Ms. Lovejoy-Story has been warned previously that her abusive removal practice may result in sanctions and "it is clear to this Court that Ms. Lovejoy-Story does not intend to cease her abuse of the removal process." (Id. at 4-5).

In its order of remand, this Court warned Ms. Lovejoy-Story that she is required to follow the Local Rules of this Court, as well as the Federal Rules of Civil Procedure, and directed her to show cause why sanctions should not be imposed against her. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including

the Federal Rules of Civil Procedure.")

While Ms. Lovejoy-Story filed a response to the Court's order to show cause, she completely failed to explain her improper conduct. Rather, she nonsensically states, "I do not intend to give up my constitutional protected rights to due process of law. Judge I urge you to join me in allowing this case to remain open for the good of all our communities. . ." (Doc. # 9 at 4).

Although this Court would be justified in imposing monetary sanctions against Ms. Lovejoy-Story, the Court determines that the most appropriate course of action is to enjoin Ms. Lovejoy-Story from engaging in her practice of improper removal through the issuance of a <u>Martin-Trigona</u> injunction. Such injunctions may be entered to "defend the judicial system from abuse" and "to protect against abusive and vexatious litigation." <u>Martin-Trigona v. Shaw</u>, 986 F.2d 1384, 1386 (11th Cir. 1993).

In <u>Martin-Trigona</u>, the Eleventh Circuit ruled that "federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." <u>Id.</u> at 1386-1387 (citing <u>Procup v. Strickland</u>, 792 F.2d 1069 (11th Cir. 1986)). It is clear that this Court is

4

compelled to bar frivolous filers, like Ms. Lovejoy-Story, from abusing the court system.

The Eleventh Circuit limits this Court's power to restrict litigants as follows: "The only restriction that this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from <u>any</u> access to the court." Martin-Trigona, 986 F.2d at 1387 (citing Procup, 792 F.2d at 1074)(emphasis in original)).

Ms. Lovejoy-Story's frequent and improper removal of state court cases is vexatious and interferes with this Court's proper administration and execution of its Article III duties. Therefore, Ms. Lovejoy-Story is directed to show cause in writing within ten (10) days of the date of this order why she should not be enjoined from filing any future lawsuit without leave of this Court. The Clerk is directed not to accept any additional filings from Ms. Lovejoy-Story in this case except for (1) a response to the instant order to show cause and (b) a notice of appeal.[2]

---

[2] Should Ms. Lovejoy-Story fail to submit a timely response to the Court's instant order or demonstrate why she should not be subject to an injunction, this Court will immediately issue the following injunction: No future action brought by Ms. Lovejoy-Story will be initially received for filing by the Court's Clerk. Rather, the action will be

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

1. Plaintiff's request for monetary sanctions (Doc. # 5) is denied.

2. Ms. Lovejoy-Story is directed to show cause in writing within ten (10) days of the date of this order why she should not be enjoined from filing any future lawsuit without leave of this Court.

3. The Clerk shall not accept any additional filings from Ms. Lovejoy-Story in this case except for (a) a response to the instant order to show cause and (b) a notice of appeal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of March 2010.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed. The Magistrate Judge will determine whether the action has arguable merit. In the event the senior Magistrate Judge's preliminary review results in a finding that Ms. Lovejoy-Story's action is frivolous, that action will not be filed with the Court but, instead, will be returned to Ms. Lovejoy-Story. Upon such a finding, Ms. Lovejoy-Story will be subject to sanctions, including a monetary assessment. See In re Roy Day Litigation, 976 F. Supp. 1460 (M.D. Fla. 1995).

Copies to:

All Counsel and Parties of Record

Sarah Lovejoy-Story

8646 Vista Pine Ct.

Orlando, FL 32836