UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNTRUST BANK,

       Plaintiff,

v.                                     Case No. 8:10-cv-31-T-33AEP

JOSEPH A. GAETA, JR., ET AL.,

       Defendants.
_____/

### ORDER

This matter comes before the Court sua sponte. For the reasons that follow, the Court issues a <u>Martin-Trigona</u> injunction against Sarah K. Lovejoy-Story.

**I. Background**

This case was improperly removed to federal court by Ms. Lovejoy-Story, pro se, on January 7, 2010, on the basis of federal question jurisdiction. (Doc. # 1). Plaintiff, SunTrust Bank, objected to removal of the case and filed a motion for sanctions against Ms. Lovejoy-Story due to her improper removal of this case. (Doc. ## 5-6).

After determining that it lacked "subject matter jurisdiction over this mortgage foreclosure case" the Court remanded the case to state court on January 19, 2010, noting that this is not the first foreclosure case that Ms. Lovejoy-Story has improperly removed to federal court. (Doc. # 7 at 2).

Plaintiff indicates that Ms. Lovejoy-Story, acting as an "interested party," has caused unnecessary delay and interference in at least eight state court actions through her improper removal. Plaintiff filed court orders from other divisions of the Middle District of Florida showing that Ms. Lovejoy-Story has been warned on numerous occasions that her conduct is improper. This Court's independent research shows that Ms. Lovejoy-Story has improperly removed state court actions in the Tampa, Orlando, and Ocala divisions on at least twelve occasions.[1]

For instance, in the procedurally similar case of Deutsche Bank National Trust Company v. Lloyd A. Story, et al, case number 6:09-cv-1565-Orl-28KRS, Judge Antoon, II found in an order dated September 21, 2009:

> Mr. Story and Ms. Lovejoy-Story have violated Rule 11(b). Mr. Story and Ms. Lovejoy-Story are no strangers to this Court. Ms. Lovejoy-Story has been involved with at least eight other foreclosure cases filed in this district. Each of the eight cases have been remanded finding the removal improper. . . . Both Mr. Story and Ms. Lovejoy-Story knew when they filed the Notice of Removal in this case that the exact cause of action and exact form Notice of Removal had been rejected by this Court.

(Doc. # 4-3 at 4).

---

[1] See 6:08-cv-135, 6:08-cv-260, 6:08-cv-1555, 6:09-cv-77, 6:09-cv-384, 6:09-cv-530, 6:09-cv-691, 6:09-cv-1207, 6:09-cv-1565, 6:10-cv-34, 8:07-cv-1853, and 8:08-cv-1217. Each of these cases was remanded to state court after a finding of improper removal.

Judge Antoon, II further noted that Ms. Lovejoy-Story has been warned previously that her abusive removal practice may result in sanctions and "it is clear to this Court that Ms. Lovejoy-Story does not intend to cease her abuse of the removal process." (Id. at 4-5).

In its January 19, 2010, Order of remand, this Court warned Ms. Lovejoy-Story that she is required to follow the Local Rules of this Court, as well as the Federal Rules of Civil Procedure, and directed her to show cause why sanctions should not be imposed against her. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.") (Doc. # 7).

Ms. Lovejoy-Story filed a response to the Court's January 19, 2010, Order to Show Cause, but she completely failed to explain or otherwise justify her improper and vexatious conduct. (Doc. # 9).

## II. Martin-Trigona Injunction

On March 5, 2010, the Court entered a second Order to Show Cause, this time directing Ms. Lovejoy-Story to show cause why a Martin-Trigona injunction should not issue. (Doc. # 12).[2] This Court explained that such an injunction may be

---

[2] In the same Order, this Court declined to award monetary sanctions against Ms. Lovejoy-Story, finding that a
(continued...)

entered to "defend the judicial system from abuse" and "to protect against abusive and vexatious litigation." Martin-Trigona v. Shaw, 986 F.2d 1384, 1386 (11th Cir. 1993). In Martin-Trigona, the Eleventh Circuit ruled that "federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Id. at 1386-1387 (citing Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986)).

The Eleventh Circuit limits this Court's power to restrict litigants as follows: "The only restriction that this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from any access to the court," Martin-Trigona, 986 F.2d at 1387 (citing Procup, 792 F.2d at 1074)(emphasis in original)).

This Court's March 5, 2010, Order warned Ms. Lovejoy-Story that if she failed to respond, this Court would enter the following injunction:

> No future action brought by Ms. Lovejoy-Story will be initially received for filing by the Court's Clerk. Rather, the action will be reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed. The Magistrate Judge will determine whether the action has arguable merit. In the event the senior Magistrate Judge's preliminary review results in a

---

²(...continued)
Martin-Trigona injunction would better serve the interests of justice.

-4-

>     finding that Ms. Lovejoy-Story's action is
>     frivolous, that action will not be filed with the
>     Court but instead will be returned to Ms. Lovejoy-
>     Story. Upon such a finding, Ms. Lovejoy-Story will
>     be subject to sanction including monetary
>     assessment. See <u>In re Roy Day Litigation</u>, 976 F.
>     Supp. 1460 (M.D. Fla. 1995).

(Doc. # 12 at 5, n. 2).

Ms. Lovejoy-Story filed a response to the March 5, 2010, Order to Show Cause on March 19, 2010, but that response did not address any of the Court's concerns. (Doc. # 13). Based upon Ms. Lovejoy-Story's record of improper removal and in an effort to safeguard the efficient performance of judicial duties by this Court without completely barring Ms. Lovejoy-Story from access to the Court, the Court shall issue a <u>Martin-Trigona</u> injunction as follows.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

No future action brought by Ms. Lovejoy-Story will be initially received for filing by the Court's Clerk. Rather, the action will be reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed. The Magistrate Judge will determine whether the action has arguable merit. In the event the senior Magistrate Judge's preliminary review results in a finding that Ms. Lovejoy-Story action is frivolous, that action will not be filed with the Court but instead will be returned to Ms. Lovejoy-Story. Upon such a finding, Ms. Lovejoy-Story will be

subject to sanction including monetary assessment. See <u>In re Roy Day Litigation</u>, 976 F. Supp. 1460 (M.D. Fla. 1995).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of March, 2010.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record

Ms. Lovejoy-Story, pro se