# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SUNTRUST BANK,**

    **Plaintiff,**

v.                                           Case No: 8:10-CV-00031-T-33AEP

**JOSEPH A. GAETA, Jr., et al.,**

    **Defendants.**

                                /

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Sarah K. Lovejoy-Story's Notice of Appeal (Dkt. No. 15) and Motion for Permission to Appeal *In Forma Pauperis* and Affidavit (Dkt. No. 16). Ms. Lovejoy-Story is appealing an Order and Injunction entered against her on March 22, 2010, pursuant to which any future action brought by Ms. Lovejoy-Story will be initially reviewed and screened by the senior Magistrate Judge to determine whether the action has merit. (Dkt. No. 14.) Pursuant to the Injunction, if the senior Magistrate Judge's preliminary review results in a finding that the action is frivolous, the action will not be filed with the Court, but will instead be returned to Ms. Lovejoy-Story who may be subject to sanctions including monetary assessment. (*Id*.) The Court's Order was prompted by Ms. Lovejoy-Story's abusive practice as a frequent litigant to improperly remove state court foreclosure actions to the Middle District of Florida. (*See id*.)

Pursuant to 28 U.S.C. § 1915, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the

complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In the context of § 1915, "good faith" is judged by an objective standard and is shown when a plaintiff "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Thus, an appeal is taken in good faith if it presents a legal issue that is arguable on its merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (*citing Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)). If a district court denies a motion to appeal *in forma pauperis*, it must state its reasons in writing. Fed. R. App. P. 24(a)(2).

In her Notice of Appeal, Ms. Lovejoy-Story does not identify any non-frivolous argument in favor of reversing the Court's decision, nor can she. Indeed, the Eleventh Circuit has held that "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). Accordingly, Ms. Lovejoy-Story fails to present a legal issue that is arguable on its merits and therefore, her appeal is not taken in good faith and her Motion to Appeal *In Forma Pauperis* should be denied. *See, e.g.*, *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) ("Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees-indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned.").

Accordingly, upon due consideration, it is **RECOMMENDED** that:

(1) Sarah K. Lovejoy-Story's Motion for Permission to Appeal *In Forma Pauperis* (Dkt. No. 16) be **DENIED**; and

(2) the Court certify that the appeal is not taken in good faith and direct the Clerk to notify the Court of Appeals of the ruling in accordance with Fed. R. App. P. 24(a)(4).

**IT IS SO REPORTED** at Tampa, Florida, this 6th day of May, 2010.

ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. Virginia M. Hernandez Covington
*Pro se* parties
Counsel of record